UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJORY HUTCHISON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 18-12112
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [19], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15]**

Plaintiff Marjory Hutchison applied for social security disability benefits due to epilepsy and other conditions. An administrative law judge (ALJ), acting on behalf of Defendant Commissioner of Social Security, concluded that Hutchison was not disabled during the relevant period. Hutchison challenges this decision.

The Court referred all pretrial proceedings to Magistrate Judge Mona K. Majzoub, who issued a Report and Recommendation to grant the Commissioner's motion for summary judgment and to deny Hutchison's. (ECF No. 19.) Hutchison objects. Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Hutchison has objected, *see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will adopt the recommendation of the magistrate judge for the reasons explained below.

**I.**

Hutchison was diagnosed with epilepsy in 1998. (ECF No. 8-9, PageID.1144.) She also has suffered from anxiety, anemia, and polyarthritis. (ECF No. 8-9, PageID.1142.) Although her last grand mal seizure was in 1999, she had numerous partial seizure episodes between then and September 30, 2012, the date on which she was last insured. (ECF No. 8-9, PageID.1147.) During that time, she continued to take one or more prescribed anti-seizure medications. (ECF No. 8-9, PageID.1145–1147.) Hutchison worked part-time as a school recess monitor for one hour per weekday. (ECF No. 8-9, PageID.1148.) She sought Social Security disability benefits for the period from January 1, 2011, through September 30, 2012. (ECF No. 8-9, PageID.1140.) On July 29, 2015, a judge of this District granted the parties' stipulation to remand under sentence four of 42 U.S.C. § 405(g). (ECF 8-10, PageID.1268–1270.)

After reviewing numerous physician records as well as a state agency medical consultation and Hutchison's testimony, the ALJ on remand determined that Hutchison did not meet sections 11.02 (convulsive epilepsy) or 11.03 (nonconvulsive epilepsy) of the Social Security Listing of Impairments. (ECF No. 8-9, PageID.1143-1150; ECF No. 19, PageID.1640.) Listing 11.02 requires, for instance, a frequency of at least one convulsive seizure per month, and the ALJ noted that Hutchison had not experienced a grand mal seizure since 1999. (ECF No. 19, PageID.1640; ECF No. 8-9, PageID.1142.) Nor did the ALJ find that Hutchison met the standard for Listing 11.03, which includes "alteration of awareness or loss of consciousness . . . or significant interference with activity during the day." (ECF No. 8-9, PageID.1142; ECF No. 19, PageID.1640.) Rather, "[i]n activities of daily living, the claimant had no restriction." (ECF No. 8-9, PageID.1143.) The ALJ further found Hutchison's description of her seizures to be

"inconsistent" with the evidence; for example, while she said her seizures lasted a few minutes, EEG studies showed that her seizures lasted eighteen seconds or less. (ECF No. 8-9, PageID.1149.)

## II.

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## III.

In response to the magistrate judge's report and recommendation, Hutchison raises two objections. Neither one persuades.

### A.

Starting with the second objection, Hutchison asserts that the ALJ acted improperly by not giving controlling weight to the opinion of her treating physician, Dr. Devprakash Samuel. (ECF No. 20, PageID.1661.)

"A treating source's medical opinion must be accorded controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 628 (6th Cir. 2016) (quoting *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir.

2009)). An ALJ who declines to give controlling weight to the opinion must give "good reasons" and consider factors like "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The ALJ gave "little weight" to the opinion of Dr. Samuel. (ECF No. 8-9, PageID.1150.) In a thorough analysis, she explained that "a majority of his proposed limitations are either inconsistent with, or uncorroborated by, the medical and other documentary evidence of record." (*Id.*) For example, an EEG study lasting three days (during a particularly bad period of epilepsy, according to Hutchison) documented roughly ten-second episodes of shaking but no "loss of awareness" or leg or arm pain. (ECF No. 8-9, PageID.1149.) Yet, Dr. Samuel described seizures that lasted one minute with a "myoclonus" spanning from thirty minutes to two hours. (ECF No. 8-7, PageID.1030.) (A myoclonus is a "quick, involuntary muscle jerk." *Myoclonus*, Mayo Clinic, https://mayocl.in/2LcKBgN.) Dr. Samuel also estimated that Hutchison needed to miss work "[a]bout three times a month" and take unscheduled breaks "1-2 times per" eight-hour workday, but the ALJ found "no medical records or other documentary evidence" to support those conclusions. (ECF No. 8-7, PageID.1033; ECF No. 8-9, PageID.1149.) The magistrate judge thus determined that the ALJ gave "good reasons" for the weight she afforded to the opinion of the treating physician. (ECF No. 19, PageID.1648.)

Hutchison's objection here is somewhat unclear but contains two parts. She first states that "deference is warranted" and that the ALJ "improperly discounted Dr. Samuel's opinions." (ECF No. 20, PageID.1662–1663.) In two minor ways, she is correct that the ALJ misanalyzed the record. First, it appears from the record that Dr. Samuel's opinions regarding absenteeism and

4

work breaks were in regard to an eight-hour workday. Those conclusions were not necessarily inconsistent with Hutchison's ability to work one hour per day for five days a week. Second, the ALJ thought that Dr. Samuel had stated that Hutchinson's seizure episodes lasted two hours, when, in fact, Dr. Samuel was more reasonably referring to the duration of the myoclonus events.

But the bottom line is the same: The ALJ gave good reasons for not giving controlling weight to Dr. Samuel's opinion. For example, the medical source statement listed side effects from Hutchison's medication, but none of the treatment summaries between November 2010 and November 2012 did the same. In answering the question "Can your patient operate a motor vehicle?" Dr. Samuel responded, "No. Not for six months following a seizure." The ALJ noted, by contrast, that Hutchison had not had a grand mal seizure in over a decade and had no record of driving restrictions. In total, Hutchison does not convince the Court that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *See Warner*, 375 F.3d at 390 ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." (internal quotation marks and citation omitted)); *see also Williams v. Comm'r of Soc. Sec.*, No. 17-14047, 2019 WL 1324237, at *2 (E.D. Mich. Mar. 25, 2019) ("Although Plaintiff points to evidence in the record that supports her subjective complaints, the ALJ's assessment is nonetheless also supported by evidence in the record.").

Finally, Hutchison contends that the ALJ was required to specifically address all five factors outlined by *Wilson*. (ECF No. 20, PageID.1665.) Not so. The treating physician rule only requires "'good reasons for the weight given to the treating source's opinion'—not an exhaustive factor-by-factor analysis." *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (alterations omitted) (quoting 20 C.F.R. § 404.1527(d)(2)).

Overall, then, Hutchison's objection fails.

**B.**

Next, Hutchison argues that the ALJ erred in performing the third step of the process for assessing disability, i.e., the equivalence determination. "The Social Security Act requires the Secretary to follow a 'five-step sequential process' for claims of disability." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)). At step three, the claimant must "demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.'" *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (quoting 20 C.F.R. § 404.1520(d)). The ALJ concluded that "the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." (ECF No. 8-9, PageID.1142.)

Hutchison's only point of error regarding the step-three analysis is that the ALJ did not obtain an updated medical opinion from the state medical consultant, who had reviewed her record in April 2012, when determining whether Hutchison had an impairment (ECF No. 20, PageID.1656.) Hutchison claims that the ALJ's failure to obtain an updated medical opinion violated agency requirements. *See* SSR 96-6p, 1996 WL 374180 (July 2, 1996). (ECF No. 20, PageID.1658.)

However, the text of the cited Social Security Ruling does not point in Hutchison's favor. The ruling does not require an updated medical opinion in all circumstances, instead giving discretion to the ALJ. Namely, an ALJ must obtain an updated medical opinion "*only* when the ALJ believes that the evidence could change a consultant's finding that the impairment is not equivalent to a listed impairment." *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 723 (6th Cir. 2012) (emphasis in original) (citation omitted). The burden is on the claimant "to show that

6

there is evidence calling for an updated medical opinion." *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 830 (6th Cir. 2009).

As the magistrate judge discussed, the ALJ "considered most of [the post-April 2012] evidence in her decision but did not find it necessary to obtain an updated opinion." (ECF No. 19, PageID.1643.) And under the governing standards, the ALJ had the discretion not to obtain a second opinion from a state medical consultant. Arguably, an updated medical opinion would have been futile anyway since the ALJ already had considered the new evidence—Dr. Samuel's medical source statement—and assigned it "little weight." *See, e.g.*, *Burbo v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 526, 551 (E.D. Mich. 2012) ("[T]he ALJ made his opinion clear on whether those opinions would change the State agency" findings.). As Hutchison has not met her burden, no error occurred in this regard.

## IV.

For the reasons stated, the Court will ADOPT the report (ECF No. 19), GRANT the Commissioner's motion for summary judgment (ECF No. 16), and DENY Hutchison's motion for summary judgment (ECF No. 15).

SO ORDERED.

Dated: September 26, 2019

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE